```
                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF MISSISSIPPI
                           JACKSON DIVISION
```

UNITED STATES OF AMERICA

VS.                              CRIMINAL ACTION NO. 3:10CR6TSL-LRA
                                   CIVIL ACTION NO. 3:11CV639TSL
MONTERRO M. PAUL

                      MEMORANDUM OPINION AND ORDER

This cause is before the court pursuant to Rule 4 of the Rules Governing § 2255 Proceedings in the United States District Courts. Having considered the § 2255 motion of defendant Monterro Paul, the court concludes that the motion is due to be dismissed in light of Paul's valid waiver in his plea agreement. Alternatively, the motion is barred by the statute of limitations.

On February 17, 2010, a four-count indictment was returned against Paul, charging him and co-defendant Mark Amos in count one with conspiracy to defraud the United States, in count two with impersonating a federal officer and in counts three and four with fraud by wire, radio or television. After entering a plea of not guilty before the magistrate judge, on April 22, 2010, Paul, represented by a court-appointed attorney, pled guilty to counts one and three of the indictment pursuant to a written plea agreement. Significantly, the plea agreement provided that Paul waived the right to appeal and to challenge his conviction and sentence via a § 2255 motion. On July 22, 2010, the court

sentenced Paul to a 60-month term of imprisonment on count 1 and an 81-month term on count 3 to run concurrently to the term imposed as to count 1. He was further found to be jointly and severally liable with Amos in restitution. The record does not reflect that an appeal was taken. On September 30, 2011, pursuant to the mailbox rule, Paul filed this § 2255 motion, seeking relief on account of alleged prosecutorial misconduct.[1]

In this instance, it is clear that Paul's § 2255 motion is barred by the waiver in his plea agreement. A waiver of a defendant's right to appeal or to seek relief pursuant to § 2255 will be upheld so long as the waiver is informed and voluntary. United States v. White, 307 F. 3d 366, 343-44 (5th Cir. 2002); see also United States v. Wilkes, 20 F. 3d 651, 654, (5th Cir. 1994) (waiver of right to seek § 2255 relief indistinguishable from right to appeal and may be waived under terms of plea agreement, save certain claims of ineffective assistance of counsel); United States v. Hollins, 97 Fed. Appx. 477, 479 (5th Cir. 2004) (§ 2255 waivers are valid, except for when there is an ineffective assistance of counsel claim that affects the validity of that

---

[1] While under the heading "Issues Presented," the motion sets forth three issues, "Prosecutorial Misconduct, Ineffective Assistance of Counsel, and Abuse of Discretion by the District Court," the remainder of the motion only addresses the first issue and is utterly silent as to the second and third issues.

waiver or the plea itself or when the sentence exceeds the statutory maximum).

At his change of plea hearing, having been sworn by the court, Paul affirmed that he had not been coerced or otherwise induced to enter into his plea agreement. He further represented that his counsel had explained the plea agreement to him and that he understood its terms. Paul, by signing the MOU, agreed to waive his right to appeal the conviction or sentence or to contest the conviction or sentence pursuant to § 2255. Clearly, Paul's waiver was informed and voluntary and he has not raised any claims which must be considered notwithstanding the waiver. Thus, the MOU bars him from asserting the claims set out in his motion.

Alternatively, Paul's motion is due to be dismissed as untimely. Under § 2255, a one-year limitation period runs from the "date on which the judgment of conviction became final." Here, Paul's conviction became final on August 5, 2010, that is, fourteen days after the entry of judgment. United States v. Plascencia, 537 F.3d 385 (5th Cir. 2008) (judgment becomes final when the applicable period for seeking review of a final conviction has expired, such that where no direct appeal was filed, the one-year statute of limitations period starts to run [fourteen] days after entry of the judgment); see Fed. R. App. P. 4(b)(1)(A)(per 2009 amendment, criminal defendant has fourteen days in which to perfect appeal); 26(a)(1)(A)(per 2009 amendment,

"When the period [under the rules] is stated in days or a longer unit of time, exclude the day of the event that triggers the period [and] count every day, including intermediate Saturdays, Sundays, and legal holidays."). Because Paul's motion was due to be filed by August 5, 2011, and was not filed, via the mailbox rule, until September 30, 2011, it is untimely and subject to dismissal.

Based on the foregoing, it is ordered that defendant's motion for relief pursuant to § 2255 is denied.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this the 2nd day of November, 2011.

                                      /s/Tom S. Lee
                                  UNITED STATES DISTRICT JUDGE